IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LARRY MCNEILL,<br><br>Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT GASTAR'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM |
| vs. | |
| GEOSTAR, FIRST SOURCE WYOMING, and GASTAR EXPLORATION LIMITED,<br><br>Defendants. | Case No. 2:06-CV-911 TS |

This matter is before the Court on Defendant Gastar's Motion to Dismiss[1] and Plaintiff's

Motion for Leave to File Supplemental Memorandum in Opposition to Defendant Gastar's

Motion to Dismiss.[2]  This matter was set for hearing on May 22, 2007; however, the hearing was

stricken because the Court determined that oral argument would not facilitate the resolution of

the issues before it.  Having reviewed the submissions of the parties, and being otherwise fully

---

[1] Docket No. 10.

[2] Docket No. 37.

1

informed, the Court will grant Defendant Gastar's Motion to Dismiss, and deny Plaintiff's

Motion for Leave to File Supplemental Memorandum, as set forth more fully below.

I.   BACKGROUND

Plaintiff brought this action against Defendants GeoStar, First Source Wyoming,[3] and

Gastar Exploration Limited on October 25, 2006.[4]  The Complaint alleges five causes of action,[5]

only the fifth of which names Gastar – for declaratory judgment, pursuant to 28 U.S.C. § 2201

and Utah Code Ann. § 78-33-1, *et seq*.

Defendant Gastar filed the instant Motion to Dismiss on January 19, 2007, alleging that

the Court lacks personal jurisdiction over Gastar, and, alternatively, that Plaintiff has failed to

state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  In response,

Plaintiff requests that the Court allow discovery on the issue of personal jurisdiction.[6]

II.   DISCUSSION

A.   DEFENDANT GASTAR'S MOTION TO DISMISS

As noted, Defendant Gastar moves to dismiss the Complaint against it on two grounds: 1)

that the Court lacks personal jurisdiction – either specific or general – over it, and due process

requires dismissal; and 2) Plaintiff has failed to state a claim upon which relief can be granted

---

[3] On January 19, 2007, Defendants Geostar and First Source Wyoming filed their Answer and Counterclaim against Plaintiffs.  Docket No. 13.

[4] Docket No. 1.

[5] Against GeoStar, Plaintiff claims breach of contract, conversion of share of stock and declaratory judgment.  Against First Source Wyoming, Plaintiff alleges breach of contract.  *See* Docket No. 1.

[6] Docket No. 23, at 1-4.

under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Gastar also opposes Plaintiff's request

for discovery on the issue of personal jurisdiction.  The Court addresses each argument, in turn.

      1.   <u>Personal Jurisdiction</u>

Plaintiff carries the burden of establishing personal jurisdiction over Defendant.[7]  "'To

obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must

show that jurisdiction is legitimate under the laws of the forum state and that the exercise of

jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[8]  "It is

frequently helpful to undertake the due process analysis first, because any set of circumstances

that satisfies due process will also satisfy the long-arm statute."[9]

To satisfy the constitutional requirement of due process there must be "minimum

contacts" between the defendant and the forum state.[10]  "When the evidence presented on the

motion to dismiss consists of affidavits and other written materials, the plaintiff need only make

a prima facie showing."[11]  "The allegations in the complaint must be taken as true to the extent

---

[7] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[8] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[9] *Systems Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

[10] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[11] *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[12]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.  In this case, Plaintiff asserts the Court has specific jurisdiction.  When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[13]  In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[14]  If the Court finds that the Defendant had adequate minimum contacts with the forum state, the Court must also determine that personal jurisdiction is reasonable in light of the circumstances surrounding the case, or, in other words, that exercising jurisdiction would not offend traditional notions of "fair play and substantial justice."[15]  "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4)

---

[12] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[13] *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[14] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[15] *Burger King*, 471 U.S. at 476.

4

the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies."[16]

Gastar's supporting Affidavit of its President and CEO, J. Russell Porter[17] – which is entirely uncontroverted by Plaintiff – asserts the following jurisdictional facts:

- Gastar is organized and existing under the laws of Alberta, Canada. Gastar's principal place of business is located in Houston, Texas. Gastar does not have a designated agent for service of process in the State of Utah.
- Gastar does not maintain an office in Utah.
- Gastar does not have employees or agents regularly assigned to do business for it in the State of Utah.
- Gastar has not been qualified or applied to be qualified to do business in the State of Utah.
- Gastar has not contracted with any resident of Utah to perform any obligations in Utah.
- Gastar has not committed any tort, in whole or in part, in the State of Utah.
- Gastar has not owned, used or possessed any real property located in the State of Utah.
- Gastar maintains no bank accounts in Utah and does not transact banking business in the States of Utah.
- Gastar does not hold itself out as a Utah corporation, and has never done so. Gastar does not market or advertise that it conducts operations in Utah, as its operations are limited to Texas, West Virginia, Wyoming, and Australia.[18]

In this case, Plaintiff's Complaint sets forth that Gastar is a Canadian corporation with its principal place of business if Houston, Texas. The facts before the Court further indicate that Gastar has no business, operational, marketing, or other presence in the State of Utah, and no contacts with the state.

---

[16] *Bell Helicopter*, 385 F.3d at 1296.

[17] Docket No. 15.

[18] Docket No. 12, at 6-7; Docket No. 15.

Based upon the record before it, the Court finds that it does not have personal jurisdiction over Defendant Gastar, and will grant its Motion to Dismiss thereon.

2.      Jurisdictional Discovery

In response to the personal jurisdiction argument in Gastar's Motion to Dismiss, Plaintiff requests, in the alternative, that the Court "stay ruling on the motion until McNeill has been given the opportunity to conduct discovery on those issues . . . which will provide a sufficient basis for this Court to rule properly on the jurisdictional issue."[19]

The parties agree that the Court has discretion to grant discovery on the limited basis of personal jurisdiction.[20]  Plaintiff cites an unpublished Tenth Circuit opinion for the proposition that "a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[21] However, Gastar counters that it is not an abuse of discretion when a plaintiff makes a general request for jurisdictional discovery in response to a motion to dismiss.  Defendant also suggests that such a request should be made by a separate, supported motion, and not merely by a responsive assertion.[22]

Plaintiff argues that the Court should invoke its discretion and allow limited jurisdictional

---

[19] Docket No. 23, at 6.

[20] *See World Wide Assn. of Specialty Programs & Schs. v. Houlahan*, 138 Fed.Appx. 50, 2005 WL 1097321 (10th Cir. 2005) (unpublished opinion); *Health Grades v. Decatur Memorial Hospital*, 190 Fed.Appx. 586, 589, 2006 WL 170 1704454 (10th Cir. 2006) (unpublished opinion).

[21] *Health Grades*, 190 Fed.Appx. at 589.

[22] Docket No. 27, at 3 (citing *World Wide*, 138 Fed.Appx. at 52).

discovery in this case because he has made a "colorable claim for personal jurisdiction" over Gastar.[23]  To the contrary, the Court's ruling above demonstrates that Plaintiff has *not* made a colorable claim that this Court has personal jurisdiction over Gastar.

Moreover, the Court does not believe that jurisdictional discovery in this case would be fruitful, because Plaintiff does not controvert the fact alleged by Gastar that it is not "doing business" in Utah, or that Gastar had no control over GeoStar's use or disposition of the share of Gastar common stock owned by Gastar.  Indeed, Plaintiff does not assert that the Court has either general or specific personal jurisdiction over Gastar, but raises an "alter ego" theory to link Gastar to this case.  However, the Court concurs with Gastar that "Plaintiff's claims, even if true, would not show the degree of control by GeoStar over Gastar necessary to give rise to jurisdiction over Gastar."[24]  Further, Utah law establishes that the existence of officers and directors in common does not constitute parental control of a subsidiary, or vice versa,[25] and that financing agreements and stock ownership are not determinative of the issue.[26]

The Court agrees with Gastar that Plaintiff has not identified any controverted jurisdictional facts which would warrant jurisdictional discovery, and he may not rest on

---

[23] Docket No. 23, at 4.

[24] Docket No. 27, at 7 (internal citations omitted).

[25] *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004).

[26] *See Lowell Staats Mining Co. v. Pioneer Uravan, Inc.* 878 F.2d 1259, 1264 (10th Cir. 1989), *McKinney v. Gannett Co.*, 817 F.2d 659, 665-666 (10th Cir. 1987), and *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373 (10th Cir. 1980).

speculative or conclusory claims.[27]  Plaintiff's broad assertions under an alter ego theory are vague and conclusory – largely stated "upon information and belief" – and do not demonstrate factual disputes.[28]  Nor does Plaintiff identify what discovery he seeks or why it would be fruitful to the precise issues before the Court.  Therefore, the Court declines to allow discovery on the limited issue of personal jurisdiction over Gastar in this matter.

3.    12(b)(6) Failure to State a Claim – Actual Case or Controversy

Given the Court's ruling above on the issue of personal jurisdiction, the Court need not address Gastar's alternative ground for dismissal – that Plaintiff has failed to state a claim upon which relief can be granted, for lack for a showing of an actual case of controversy.

B.    PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

Likewise, given the Court's ruling above, the Court will deny Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant Gastar's Motion to Dismiss.  The issue proposed to be discussed therein is not relevant to the matter at hand, as it has not been raised by Defendant at this juncture.  However, if the claim of an exclusive remedy, the Court may re-visit this issue.

---

[27] *See Litster v. Alza Corp.*, 2006 WL 3327906 (10th Cir. 2006) (unpublished opinion).

[28] *See Id.* at *7-8.

8

III.   <u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that the Court will not allow limited discovery regarding personal jurisdiction over Gastar.  It is further

ORDERED that Defendant Gastar's Motion to Dismiss (Docket No. 10) is GRANTED, and Plaintiff's claims against Gastar are dismissed for lack of personal jurisdiction.  It is further

ORDERED that Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant Gastar's Motion to Dismiss is DENIED.  However, if the claim of an exclusive remedy which was raised in the Motion becomes an issue in this case, the Court may re-visit this issue.

SO ORDERED.

DATED  May 29, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge