IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LARRY McNEILL,<br><br>       Plaintiff,<br><br><br>vs.<br><br><br>GEOSTAR CORPORATION; FIRST SOURCE WYOMING, INC; and GASTAR EXPLORATION LIMITED,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR WITHDRAWAL OF COUNSEL<br><br><br><br>Case No. 2:06-CV-911 TS |

Matthew Lalli and Peter Donaldson—counsel of record for Defendants GeoStar Corporation and First Source Wyoming, Inc.—have moved the Court for leave to withdraw as counsel.

Local rule 83-1.4(a)(1) states:

No attorney will be permitted to withdraw as attorney in any pending action, thereby leaving a party without representation, except upon submission of:

A Motion to Withdraw as Counsel in the form prescribed by the court that includes (i) the last known contact information of the moving attorney's client(s), (ii) the reasons for withdrawal, (iii) notice that if the motion is granted and no Notice of Substitution of Counsel has been filed the client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court, (iv) notice that pursuant to DUCivR 83-1.3, no corporation, association, partnership, limited liability company, or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (v) certification by the moving attorney that the motion was sent to the moving attorney's client and all parties . . . .[1]

---

[1] DUCivR 83-1.4.

1

The rules also state that, if the client has consented to the withdrawal, written consent must be submitted with the motion.  If, however, the attorney has not obtained written consent:

> the motion must contain (i) certification that the client has been served with a copy of the motion to withdraw, (ii) a description of the status of the case including the dates and times of any scheduled court proceedings, requirements under any existing court orders, and any possibility of sanctions; and, if appropriate, (iii) certification by the moving attorney that the client cannot be located or, for any other reason, cannot be notified regarding the motion to withdraw.[2]

The instant Motion does not meet these requirements.  While counsel state that Defendants were informed of the status of the case in December 2009, there is no indication that Defendants are aware of the status conference scheduled for June 18, 2012.  Furthermore, counsel has not provided Defendants' last known contact information, notice of the requirement to appear within twenty-one days, notice that corporations may not appear pro se, certification that the motion was sent to all parties, written consent of the client, or the certifications required if the client has not consented.

Based on the forgoing, it is therefore

ORDERED that Defendants' Motion to Withdraw as Attorney (Docket No. 62) is DENIED.

DATED   June 15, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Id.* at 83-1.4(b)(2).