IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LARRY McNEILL,<br><br>    Plaintiff,<br><br>vs.<br><br>GEOSTAR CORPORATION; FIRST SOURCE WYOMING, INC.; GASTAR EXPLORATION LIMITED,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT<br><br><br><br>Case No. 2:06-CV-911 TS |

This matter is before the Court on Plaintiff's Motion for Entry of Judgment.  For the reasons stated below, the Court will grant the Motion.

## I.  BACKGROUND

On October 25, 2006, Plaintiff filed his Complaint in this case.  This case was then transferred to the Honorable Joseph M. Hood of the Eastern District of Kentucky for inclusion in ongoing multidistrict litigation on February 14, 2008.  On April 11, 2012, Judge Hood granted in part and denied in part Plaintiff's motion for partial summary judgment, finding that Defendants Geostar Corporation ("Geostar") and First Source Wyoming, Inc. ("First Source") breached the

1

contract at issue in this case and that Defendants' counterclaims were without merit. On April 26, 2012, this case was returned to this Court for further proceedings. On June 13, 2012, Plaintiff filed its Motion for Entry of Judgment. On August 8, 2012, counsel for Defendants Geostar and First Source filed a Motion to Withdraw. At that time, Defendants were informed that a response to an outstanding Motion for Entry of Judgment was due, that Defendants must file a notice of appearance of counsel within 21 days of counsel's withdrawal, and that if such a notice was not filed, Defendants would be subject to default. Counsel was allowed to withdraw on August 13, 2012. On September 27, 2012, because Defendants had not yet filed a notice of appearance of counsel, the Court gave Defendants 14 days to show cause why they had failed to file a notice of appearance. To date, Defendants have not filed a notice of appearance of counsel and have not responded to Plaintiff's Motion for Entry of Judgment.

## II. DISCUSSION

Plaintiff argues that its Motion for Entry of Judgment should be granted based on Judge Hood's findings that Defendants breached the contract at issue in this case and that Defendants' counterclaims were without merit. While this provides a sufficient basis for the Court to enter judgment in favor of Plaintiff, the Court will also enter judgment as a sanction for Defendants' failure to enter an appearance of counsel and to respond to the Motion for Entry of Judgment.

Pursuant to Fed. R. Civ. P. 16(f), when a party does not comply with a pretrial order, the Court may impose sanctions up to and including default judgment.[1] The imposed "sanction must

---

[1] *See* Fed. R. Civ. P. 16(f)(1)(A) & (C) (incorporating sanctions available under Rule 37(b)(2)(A)(ii)–(vii)); *Colo. Satellite Broad., Inc. v. Ciphermax, Inc.*, 2008 WL 4080041, at *1 (D. Colo. Sept. 2, 2008).

be both just and related to the particular claim which was at issue . . . ."[2]  When determining the proper sanction, the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[3]

Considering these factors, the Court finds that there is a high degree of prejudice to Plaintiff.  Because of Defendants' failure to enter an appearance and respond to the Court's order to show cause, Plaintiff has been unable to go forward with this case.  Second, the Court finds Defendants have interfered with the judicial process.  Defendants have refused to comply with the Court's orders and have essentially refused to be a part of this litigation.  Third, the Court finds Defendants to be highly culpable.  Fourth, the Court has warned Defendants that their continued refusal to comply with the Court's orders could result in sanctions, including terminating sanctions.  Finally, the Court finds that a sanction less than a terminating sanction will not be effective based on Defendants' past behavior.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Judgment (Docket No. 65) is GRANTED.  The Court will enter judgment by separate order.

---

[2] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[3] *Id.* at 921.

DATED   October 25, 2012.

                                                              BY THE COURT:

                                                              _____
                                                              TED STEWART
                                                              United States District Judge