IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LARRY McNEILL,<br><br>    Plaintiff,<br><br>vs.<br><br>GEOSTAR CORPORATION; FIRST SOURCE WYOMING, INC.; GASTAR EXPLORATION LIMITED,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF COSTS AND ATTORNEY FEES.<br><br><br><br>Case No. 2:06-CV-911 TS |

This matter is before the Court on Plaintiff's Motion for Award of Costs and Attorney Fees. For the reasons stated below, the Court will grant Plaintiff's Motion.

I.   BACKGROUND

On October 25, 2006, Plaintiff filed his Complaint in this case. This case was then transferred to the Honorable Joseph M. Hood of the Eastern District of Kentucky for inclusion in ongoing multidistrict litigation on February 14, 2008. On April 11, 2012, Judge Hood granted in part and denied in part Plaintiff's motion for partial summary judgment, finding that Defendants Geostar Corporation ("Geostar") and First Source Wyoming, Inc. ("First Source") breached the

1

contract at issue in this case and that Defendants' counterclaims were without merit. On April 26, 2012, this case was returned to this Court for further proceedings.

On June 13, 2012, Plaintiff filed its Motion for Entry of Judgment. On August 8, 2012, counsel for Defendants Geostar and First Source filed a Motion to Withdraw. At that time, Defendants were informed that a response to an outstanding Motion for Entry of Judgment was due, that Defendants must file a notice of appearance of counsel within twenty-one days of counsel's withdrawal, and that if such a notice was not filed, Defendants would be subject to default.[1] Counsel was allowed to withdraw on August 13, 2012. On September 27, 2012, because Defendants had not yet filed a notice of appearance of counsel, the Court gave Defendants fourteen days to show cause why they had failed to file a notice of appearance.[2]

On October 25, 2012, as Defendants had not filed a notice of appearance of counsel or responded to Plaintiff's Motion for Entry of Judgment, the Court issued a memorandum decision and order granting Plaintiff's Motion for Entry of Judgment.[3] In that order, the Court found that Defendants' actions were highly prejudicial to the Plaintiff, that Defendants interfered with the judicial process, that Defendants were highly culpable, and that judgment was appropriate as a sanction.[4]

---

[1] Docket No. 76 Ex. 1.

[2] Docket No. 78.

[3] Docket No. 80.

[4] *Id.* at 2-3.

On November 8, 2012, Plaintiff filed the Motion for Attorney Fees and Costs under consideration here. Plaintiff has requested an award of $211,408.75 in attorney fees and $762.40 in taxable costs. Defendants have not opposed Plaintiff's Motion.

## II.  DISCUSSION

A.   MOTION FOR ATTORNEY FEES

Plaintiff argues that it should be awarded attorney fees and costs incurred in this suit pursuant to Utah Code Ann. § 78B-5-825.

In a case brought to this Court on diversity, the matter of attorney fees is a substantive legal issue and is therefore controlled by state law.[5] Section 78B-5-825 states that reasonable attorney fees shall be awarded "to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."[6] In order to be awarded attorney fees under § 78B-5-825: (1) the moving party must prevail, (2) the claim asserted by the non-moving party must be without merit, and (3) the claim must not be brought in good faith.[7]

In support of its motion, the moving party must marshal sufficient evidence for the Court to find each of the three requirements is met.[8] A claim is brought in good faith, for purposes of § 78B-5-825, if the party bringing the claim has: "'(1) an honest belief in the propriety of the

---

[5] *See Cowley v. Porter*, 127 P.3d 1224, 1235 (Utah Ct. App. 2005) (quoting *In re Discipline of Sonnenreich*, 86 P.3d 712, 725 (Utah 2004)).

[6] UTAH CODE ANN. § 78B-5-825.

[7] *Hermes Assoc. v. Park's Sportsman*, 813 P.2d 1221, 1225 (Utah Ct. App. 1991).

[8] *Still Standing Stable, LLC v. Allen*, 122 P.3d 556, 559 n.2 (Utah 2005).

activities in question; (2) no intent to take unconscionable advantage of others; and (3) no intent to, or knowledge of the fact that the activities in question hinder, delay, or defraud others.'"[9] "'To establish a lack of good faith, or bad faith . . . a party must prove that one or more of these factors is lacking.'"[10]

Plaintiff meets the first prong of the § 78B-5-825 test, as he was the prevailing party in this case.[11] In addition, Plaintiff has shown that Defendants' claims were without merit.[12] In his April 11, 2012 order, Judge Hood explicitly found that Defendants' defense to Plaintiff's breach of contract claim was without merit. Additionally, Judge Hood found that Defendants' counterclaims were puzzling, that Defendants failed to present any evidence raising a genuine issue for trial, and that Defendants failed to even respond to Plaintiff's motion for summary judgment with respect to those claims.[13]

Finally, Plaintiff has established that Defendants' claims were not brought in good faith, as Defendants brought claims with a knowledge or intent to hinder or delay the resolution of Plaintiff's claims. After allowing litigation to proceed for nearly four years, Defendants failed to even make arguments supporting their claims on a motion for summary judgment.[14] In addition,

---

[9]*Id.* at 560 (quoting *In re Discipline of Sonnenreich*, 86 P.3d 712, 726 (Utah 2004)).

[10]*Id.* (quoting *Sonnenreich*, 86 P.3d at 726).

[11]Docket No. 81.

[12]Docket No. 59-41, at 7.

[13]*Id.* at 13.

[14]*Id.*

after the case was transferred back to this Court, Defendants refused to respond to the Court's repeated orders to appoint counsel and respond to Plaintiff's motions.  This Court has already found that Defendants' actions were highly prejudicial to the Plaintiff, that Defendants interfered with the judicial process, and that Defendants were highly culpable.  Therefore, the Court will grant Plaintiff's Motion.

B.  COSTS

Plaintiff also argues that it should be awarded its costs.  Under both Fed. R. Civ. P. 54(d) and DUCivR 54-2, it is the Clerk of Court who may tax costs, if any.  Plaintiff must make any motion for costs to the Clerk of the Court in accordance with Fed. R. Civ. P. 54(d) and DUCivR 54-2.  Therefore, the Court will not address Plaintiff's request for costs at this time.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Award of Costs and Attorney Fees (Docket No. 82) is GRANTED.  Plaintiffs are awarded $211,408.75 for fees.  Plaintiff is also awarded its taxable costs in the amount determined by the Clerk of Court.

DATED  December 13, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge